(11 Misc. Rep. 625.)
CARTER RICE CO v. HOWARD.

(City Court of New York, General Term. March 19, 1895.)

NEGOTIABLE INSTRUMENTS—LIABILITY OF INDORSERS.

The presumption that a person who indorsed a note payable to another intended to become liable only as a second indorser is not overcome by evidence that he indorsed the note at the request of the makers, who said that they owed a bill, and that their creditor was short, and wanted some discount, and that he indorsed the note for the purpose of facilitating its discount for such creditor.

Appeal from trial term.

Action by the Carter Rice Company against John Howard on a promissory note. Plaintiff was nonsuited, and appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGER, JJ.

H. A. Sperry, for appellant.

D. A. Spellissy, for respondent.

VAN WYCK, J. The plaintiff, the payee of the note sued upon and made by Russell Bros., sues the defendant as indorser thereof, under the allegation that he indorsed the note before its delivery to plaintiff for the purpose of giving credit to the makers thereof with the plaintiff (payee), and this allegation was specifically denied by the answer. The court properly refused plaintiff's request to have the defendant assume the affirmative. The only witness called by plaintiff to sustain this allegation was the defendant himself, the irregular indorser, who testified that he indorsed the note at the request of the makers, who said that they owed a bill to the Carter Rice Company, and that that company was short and wanted some discount, and, for the purpose of getting the note discounted for that company's accommodation, "the makers asked me to sign it as an indorser for the purpose of facilitating its discount." This is all of the evidence as to the indorsement of defendant, and this proof certainly does not overcome the well-settled presumption of law that a person making such an irregular indorsement intended to become liable only as second indorser, and that on the face of the paper, without explanation, he is to be regarded as second indorser, and, of course, not liable upon the note to the payee, who is supposed to be the first indorser. Coulter v. Richmond, 59 N. Y. 481. The plaintiff was properly nonsuited, and the judgment must be affirmed, with costs. All concur.